IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.F. TECHNOLOGIES, INC., an Illinois Corporation, and BOB NOORIAN, Individually, | Case No. _____ |
| Plaintiffs, | Cook County Case No. 2016-L-011460 |
| vs. | |
| LECLAIR RYAN, P.C., a Virginia professional Corporation, and THOMAS O'LEARY, Individually and GREENBERG TRAURIG, LLP a New York limited liability partnership[1], | **JURY TRIAL DEMANDED** |
| Defendants. | |

## NOTICE OF REMOVAL

Defendant Greenberg Traurig, LLP ("GT"), by its undersigned counsel, hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to the United States District Court for the Northern District of Illinois ("Notice of Removal"). This Court has subject matter jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). As grounds for removal, GT states as follows:

### I.  BACKGROUND

1. On November 21, 2016, plaintiffs R.F. Technologies ("RFT") and Bob Noorian (collectively, "Plaintiffs"), filed a Complaint for legal malpractice against defendants LeClair Ryan, P.C. ("LRPC"), former LRPC partner Thomas O'Leary, and GT in the Circuit Court of

---

[1] Plaintiffs improperly identify Greenberg Traurig, LLP as an "Illinois limited liability partnership." As explained below at Paragraph 17, Greenberg Traurig, LLP is a New York limited liability partnership.

Cook County, Illinois captioned *R.F. Technologies, Inc. and Bob Noorian v. LeClair Ryan, P.C., Thomas O'Leary, and Greenberg Traurig, LLP*, Case No. 2016-L-011460 (the "State Court Action"). Attached as Exhibit 3A is a copy of the docket from the State Court Action. Attached as Exhibit 3B is a true and correct copy of the Complaint filed in the State Court Action.

2. As alleged in the Complaint, defendants represented Plaintiffs at various times in an underlying trademark infringement action commenced against RFT by its competitor, HM Electronics ("HME"). (Ex. 3B ¶¶ 30, 42.) Plaintiffs allege that LRPC and O'Leary represented RFT as litigation counsel in the HME litigation and that GT was later retained to represent RFT as litigation counsel, including overseeing and managing discovery, in the HME litigation. (Ex. 3B ¶¶ 8, 13.) According to Plaintiffs, "as a result of [defendants'] conduct . . . Plaintiffs were forced to settle the *HM Electronics* litigation and paid $9,000,000 to do so." (Ex. 3B ¶ 26.)

3. GT denies any liability whatsoever under any theory and in any amount. Solely for purposes of this Notice of Removal, GT relies on Plaintiffs' allegations, as set forth in the Complaint, as well as the attached declarations, to satisfy the requirements of removal under 28 U.S.C. §§ 1332, 1441, and 1446.

**II.    REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)**

4. LRPC was served with the Summons and Complaint on December 8, 2016. (Ex. 2 (A. Ray 3.9.2017 Declaration) ¶ 4.)

5. Thomas O'Leary was served with the Summons and Complaint on February 14, 2017. (Ex. 2 ¶ 4.)

6. GT was served with the Summons and Complaint on February 8, 2017. (Ex. 3L.)

7. Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within 30 days after the receipt by the defendant."

8. "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). This Notice of Removal is filed on March 9, 2017, within 30 days, as computed under Fed. R. Civ. P. 6(a), of the date on which Thomas O'Leary—the last-served defendant—was served. *See, e.g.*, *Act II Jewelry, LLC v. Wooten*, No. 15 C 6950, 2015 WL 7889039, at *1 (N.D. Ill. Dec. 4, 2015).

### III. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a)

9. This Court has subject matter jurisdiction over all cases where the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. §§ 1332(a).

#### A. The Amount in Controversy Exceeds $75,000

10. In the Complaint, Plaintiffs allege two causes of action for legal malpractice; one against LRPC and O'Leary (Ex. 3B ¶¶ 27–38), and one against GT (Ex. 3B ¶¶ 39–46). For each cause of action, Plaintiffs seek damages in an amount "in excess of $50,000." (Ex. 3B ¶¶ 38, 46.) In support of their claim that damages are in excess of the $50,000 Illinois-statutory minimum, 735 ILL. COMP. STAT. 5/2-604, Plaintiffs allege that, "[a]s a result of LeClair Ryan and Greenberg Traurig, LLP's conduct . . . Plaintiffs were forced to settle the HM Electronics litigation and paid $9,000,000 to do so." (Ex. 3B ¶ 26.)

11. Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Complaint that the "matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs" as required under 28 U.S.C. § 1332(a).[2]

### B. There Is Complete Diversity of Citizenship

12. Because Plaintiffs and defendants are citizens of different states, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

13. **Plaintiffs RFT and Noorian are Citizens of Illinois.** RFT is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois. (Ex. 3B ¶¶ 1, 11.) Because a corporation is a citizen of its state of incorporation and its principal place of business, RFT is a citizen of Illinois for the purpose of diversity jurisdiction. *See, e.g., Americold Realty Trust v. Congara Foods, Inc.,* 136 S. Ct. 1012, 1017 (2016); *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 427 (7th Cir. 2009).

14. Noorian resides in Illinois. (Ex. 3B ¶¶ 2, 11.) Because an individual is a citizen of the state in which he is domiciled, Noorian is a citizen of Illinois. *See, e.g., RTP LLC v. ORIX Real Estate Capital, Inc*., 827 F.3d 689, 692 (7th Cir. 2016).

15. **LRPC is a Citizen of Virginia**. At the time the Complaint was filed and at the time of this removal, LRPC is a professional corporation incorporated in Virginia with its principal place of business in Virginia. (Ex. 2 ¶ 3; Ex. 3B ¶ 4.) Because a professional corporation is "treated like any other corporation, rendering the members' citizenship irrelevant," LRPC is a citizen of Virginia, where it is incorporated and has its principal place of business. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C*., 385 F.3d 737, 739 (7th Cir.

---

[2] In alleging the amount in controversy for purposes of removal, GT does not concede in any way that the allegations in the Complaint are accurate, that Plaintiffs are entitled to any amount alleged in the Complaint, that Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

2004); *see also Nat'l Ass'n of Realtors v. Nat'l Real Estate Ass'n, Inc.*, 894 F.2d 937, 939 (7th Cir. 1990).

16. **O'Leary is a Citizen of California**. At the time the Complaint was filed and at the time of this removal, O'Leary, who works and lives in California and is admitted to practice law in California, is a citizen of California. (Ex. 2 ¶ 3.) Because an individual is a citizen of the state in which he is domiciled for purposes of federal diversity jurisdiction, O'Leary is a citizen of California. *See, e.g., RTP v. ORIX*, 827 F.3d at 692.

17. **GT is a Citizen of New York and Florida**. In the Complaint, Plaintiffs incorrectly allege that "Defendant, Greenberg Traurig, LLP is an Illinois limited liability partnership with its principal place of business in Chicago, Illinois." (Ex. 3B ¶ 3.) However, as set forth in the declaration of David E. Hirsch, the Assistant Treasurer and Director of Finance for Greenberg Traurig, P.A. ("GTPA"), there is no such Illinois-organized entity and GT is not a citizen of Illinois. (Ex. 1 (D. Hirsch 3.9.2017 Declaration) ¶ 5.) Rather, at the time the Complaint was filed and at the time of this removal, GT is a registered New York limited liability partnership. (Ex. 1 ¶ 5.)

18. For the purpose of diversity jurisdiction, a limited liability partnership takes the citizenship of each of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). As Mr. Hirsch explains, GT has two partners: Greenberg Traurig, PC ("GTPC") and GTPA. (Ex. 1 ¶ 6.)

19. GTPC is a professional corporation incorporated in New York with its principal place of business in New York. (Ex. 1 ¶ 7.) Because professional corporations are "treated like any other corporation," GTPC is a citizen of New York, where it is incorporated and has its

5

principal place of business. *Hoagland*, 385 F.3d at 739; *see also Nat'l Ass'n of Realtors*, 894 F.2d at 939.

20. GTPA is a professional corporation incorporated in Florida as with its principal place of business in Florida. (Ex. 1 ¶ 8.) Although GTPA includes the words "professional association" in its name, this is a formality required under Florida law. *See, e.g., Hewlett-Packard Fin. Servs. Co. v. Brevard Cty. Clerk of the Circuit Court*, No. 6:14-cv-60-Orl-36DAB, 2014 WL 1464410, at *6 (M.D. Fla. Apr. 15, 2014) (opining that under Florida law, a professional association "is a corporation for diversity purposes" and the shareholders need not be determined for diversity purposes). Specifically, Florida law requires a professional corporation to have the words "professional association" or the abbreviation "P.A." in its name. FLA. STAT. ANN. § 621.12(2)(b)(1); *see In re Adams*, 389 B.R. 762, 764 (Bankr. M.D. Fla. 2007) (holding that the P.A. designation indicates the corporation "is a professional association, as required by Chapter 621" which requires the name of a professional corporation to "contain the words 'professional association' or the abbreviation 'P.A.'").

21. Because an incorporated entity takes the citizenship of the state in which it is incorporated and its principal place of business, GTPA is a citizen of Florida for diversity purposes. *See, e.g., Americold Realty Trust v. Congara Foods, Inc*, 136 S. Ct. 1012, 1015 (2016) (noting that courts should look to the law of the state in which an entity is organized to determine if it is treated as a corporation or partnership); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

22. Plaintiffs are citizens of Illinois. Defendants are citizens of Virginia, California, New York, and Florida. Accordingly, all plaintiffs are "citizens of different States" from all defendants and there is complete diversity. 28 U.S.C. § 1332(a).

## IV. GT SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL PURSUANT TO 28 U.S.C. § 1446(a)

### A. Venue is Proper

23. This action is properly removed to this Court because the Circuit Court of Cook County, Illinois, is located within the Northern District of Illinois. *See* 28 U.S.C. §§ 93(a), 1446(a).

### B. State Court File

24. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and documents served upon GT are attached hereto as follows:

Exhibit 3A: Docket from the State Court Action;

Exhibit 3B: Complaint from the State Court Action;

Exhibit 3C: 11/21/16 Notice of Calendar Call/Postcard Generated dated 12/14/16

Exhibit 3D: 12/14/16 Affidavit of Service (Summons Returned) dated 12/14/16

Exhibit 3E: 1/6/17 Alias Summons

Exhibit 3F: 1/19/17 Appearance by Attorneys for LeClair Ryan

Exhibit 3G: 1/19/17 Certificate of Service

Exhibit 3H: 1/19/17 Alias Summons-Returned

Exhibit 3I: 1/19/17 Order to file Appearance or Jury Demand, Answer or Plead–Allowed

Exhibit 3J: 1/27/17 Alias Summons Issued

Exhibit 3K: 1/27/17 Alias Summons Issued

Exhibit 3L: Alias Summons-Returned dated 2/8/17 and Certificate/Affidavit of Service filed 2/16/17

Exhibit 3M: 2/16/17 Notice of Motion and Proof of Service

Exhibit 3N: 2/17/17 Motion for Extension of Time to Answer or Otherwise Plead

Exhibit 3O: 2/17/17 Notice of Filing for Motion to Dismiss

Exhibit 3P: 2/17/17 Combined Motion to Dismiss

Exhibit 3Q: 2/17/17 Order to Extend Time-Allowed and Briefing Schedule Order to File Amendment or Additional or Amended Pleadings-Allowed

To GT's knowledge, no other documents, or pleadings were filed in the State Court Action.

### C. Written Notice of Removal

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and counsel for LRPC and O'Leary. A copy of this Notice of Removal also is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

### D. Consent of All Defendants

26. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendants LRPC and O'Leary consent to this removal. (Ex. 2 ¶ 5). Out of an abundance of caution, LRPC and O'Leary also have signed this Notice of Removal indicating their consent. *See Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) (requiring all served defendants to *join* the removal petition by signing it); *Partners v. Belt Ry. Co. of Chicago*, No. 16-cv-3583, 2016 WL 3907053, at *2 (N.D. Ill. July 19, 2016) (recognizing *Gossmeyer*'s continued validity is in doubt after removal statute was amended to allow all served defendants to *consent* to removal).

## V. CONCLUSION

27. GT reserves its right to amend or supplement this Notice of Removal.

28. If any question arises as to the propriety of the removal of this action, GT requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, defendant Greenberg Traurig, LLP respectfully removes this action from the Circuit Court of Cook County, Illinois, bearing Case Number 16-L-11460, to this Court.

DATED: March 9, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Anne P. Ray*　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Anne P. Ray, Bar # 6291910
　　　　　　　　　　　　　　　　　　　　Anna J. Mitran, Bar # 6324365
　　　　　　　　　　　　　　　　　　　　Jenner & Block, LLP
　　　　　　　　　　　　　　　　　　　　353 North Clark Street
　　　　　　　　　　　　　　　　　　　　Chicago, IL  60654
　　　　　　　　　　　　　　　　　　　　Tel. (312) 222-9350
　　　　　　　　　　　　　　　　　　　　Fax. (312) 527-0484
　　　　　　　　　　　　　　　　　　　　aray@jenner.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Greenberg Traurig, LLP*

**CONSENT TO REMOVAL**

Defendants LeClair Ryan, PC and Thomas O'Leary hereby consent to the removal to federal court of the case captioned *R.F. Technologies, Inc. and Bob Noorian v. LeClair Ryan, P.C., Thomas O'Leary, and Greenberg Traurig, LLP*, Case No. 2016-L-011460, pursuant to 28 U.S.C. § 1446(b)(2)(a), which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

DATED: March 9, 2017

**Defendant LeClair Ryan, PC**

By: /s/ *Peter D. Sullivan* _____
One of its attorneys:

Peter D. Sullivan, Esq.
Leigh C. Bonsall, Esq.
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
(312) 704-3000

**Defendant Thomas O'Leary**

By: /s/ *Peter D. Sullivan* _____
One of his attorneys:

Peter D. Sullivan, Esq.
Leigh C. Bonsall, Esq.
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
(312) 704-3000

## CERTIFICATE OF SERVICE

I, Anne P. Ray, an attorney, hereby certify that on March 9, 2017, I caused a true and correct copy of the foregoing document to be served via email and UPS overnight mail upon the following:

Amir R. Tahmassebi
Andrew M. Cook
Konicek & Dillon, P.C.
21 West State Street
Geneva, IL  60134
(630) 262-9655
*Counsel for Plaintiffs R.F. Technologies
and Bob Noorian*


Peter D. Sullivan, Esq.
Leigh C. Bonsall, Esq.
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
(312) 704-3000
*Counsel for Defendants LeClair Ryan, PC
and Tomas O'Leary*


By:  /s/ *Anne P. Ray*
*Counsel for Defendant Greenberg Traurig, LLP*