# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **R.F. TECHNOLOGIES, INC.**, an Illinois Corporation, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 17 C 1886 ) |
| **LECLAIR RYAN, P.C.**, a Virginia Professional Corporation, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court has reviewed the Answer and Affirmative Defenses filed by law firm Greenberg Traurig, LLP ("Greenberg") as one of the defendants in this action, which was originally brought by R.F. Technologies, Inc. ("R.F. Technologies") and Bob Noorian in the Circuit Court of Cook County and was then removed to this federal District Court on diversity-of-citizenship grounds. This memorandum order is issued sua sponte because of a problem, correctly identified by Greenberg, with the manner in which the Complaint has been structured.

It is true that this action sounds in alleged legal malpractice on the part of both Greenberg and its co-defendants -- another law firm, LeClair Ryan, P.C. ("LeClair Ryan") and a member of that firm -- and that Complaint Count II targets Greenberg, while Complaint Count I targets its co-defendants. But the Supreme Court's tightening of Fed. R. Civ. P. 12(b)(6) standards by adding the requirement of "plausibility" (a new pleading regime introduced by what this Court refers to as the Twombly-Iqbal canon) has also underscored the basic principle that federal

pleading is notice pleading -- and in this instance the Complaint often employs a collective usage that does not provide the requisite notice as to just what conduct ascribed to Greenberg forms the gravamen of the Complaint against it (see, e.g., Complaint ¶¶ 23, 25 and 26).

That collective treatment might perhaps not be as problematic if the two law firms had represented R.F. Technologies throughout its embroilment in the California litigation that the parties refer to as the "HM Electronics litigation." But that was not at all the case -- instead the Greenberg firm was a latecomer to that lawsuit, beginning its involvement solely as a consultant but then becoming LeClair Ryan's co-counsel for only a short period of time. Under those circumstances, to meet the Twombly-Iqbal "plausibility" requirement as to Greenberg, the Complaint needs to be fleshed out to identify just what deficiencies in Greenberg's representation assertedly failed to meet professional standards and just how that claimed failure assertedly caused plaintiffs to settle the HM Electronics litigation for millions of dollars, in contrast with the present totally conclusory allegations in the present Complaint.

This is not at all an effort to convert this case to an inappropriate fact-pleading rather than notice-pleading regime. To the contrary, a return of plaintiffs' counsel to the drawing board should sharpen the focus of the parties in a manner that should produce better notice pleading than the parties' current interchange (see particularly Complaint ¶¶ 25 and 26 and Greenberg's Answers to those paragraphs).

Accordingly plaintiffs are ordered to file an amendment to the Complaint (not a self-contained fully Amended Complaint) to enable Greenberg to meet the allegations against it head-on. That filing should be made on or before March 31, 2017 (with a courtesy copy to be delivered to this Court's chambers, as called for by LR 5.2(f) and this Court's website), with a

status hearing then set for 9 a.m. April 7, 2017 to discuss what modified pleading on Greenberg's part may be called for.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 20, 2017