## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

R.F. TECHNOLOGIES, INC. an Illinois )
Corporation, and BABAK NOORIAN, Individually )
                                            )
               Plaintiffs, )
                                              )
vs.                                        )    Case No. 17-cv-01886
                                              )
LECLAIR RYAN, P.C., a Virginia professional )
Corporation, THOMAS O'LEARY, )
Individually )
                                              )
                                              )
             Defendants.           )

## AMENDED COMPLAINT

Plaintiffs, R.F. TECHNOLOGIES, INC., an Illinois corporation, and BABAK NOORIAN, by and through their attorneys, KONICEK & DILLON, P.C. and THE CUMMINS LAW FIRM, P.C., and for their Amended Complaint against Defendants LECLAIR RYAN, P.C., and THOMAS O'LEARY, state the following:

## NATURE OF THE ACTION

This is a legal malpractice action resulting from the Defendants' negligence and incompetence in the defense of a trademark and trade dress case filed in the Southern District of California. Shortly after suit was filed the Defendants LECLAIR RYAN. P.C. and THOMAS O'LEARY were retained as Plaintiffs' litigation counsel. Having been retained to represent the best interests of their clients, they failed to do so and breached their fiduciary duties by, *inter alia*, failing in their trial preparation efforts; failing to implement and to provide essential advice concerning compliance with a host of discovery obligations; failing to insure their clients'

compliance with a preliminary injunction and failing to competently pursue a resolution of the litigation in the clients' best interests after their incompetence had doomed any viable defense.

## PARTIES

1.  Plaintiff, R.F. Technologies, Inc., is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois.

2.  Plaintiff, Babak Noorian ("Noorian"), currently resides in Illinois, and is the sole shareholder and chief executive officer of R.F. Technologies, Inc.

3.  Defendant, LeClair Ryan is a Virginia professional corporation, with its principal place of business in Richmond, Virginia and offices in Chicago, IL.

4.  Defendant, Thomas O'Leary, was at all relevant times an attorney practicing at LeClair Ryan.

## FACTS COMMON TO ALL COUNTS

### A. Background and Overview of LR Conduct

5.  Plaintiff, R.F. Technologies, Inc. ("RFT"), is in the business of marketing, selling, and providing replacement parts and repair for drive-thru headset products for the quick service restaurant industry. RFT also sells new and refurbished radio technology products.

6.  Plaintiff, Babak Noorian ("Noorian") founded RFT. Noorian started the business as a repair service out of his basement and the company is now nationally known and respected.

7.  On December 4, 2012, HM Electronics, Inc. filed an action against RFT in the Southern District of California captioned *HM Electronics, Inc. v. R.F. Technologies, Inc.*, No. 12-CV-2884 (hereinafter "the *HM Electronics* litigation"), wherein HM Electronics alleged *inter alia*, federal trademark infringement; unfair competition; trade dress infringement; violation of the

2

California Business & Professionals Code; trade libel; and intentional interference with prospective economic advantage.

8.      Defendants LeClair Ryan and Timothy O'Leary (collectively the "LR Defendants") represented the Plaintiffs in the defense of the *HM Electronics* matter in the Southern District of California.

9.      The LR Defendants were retained to represent the Plaintiffs.

10.     On September 9, 2013, the LR Defendants filed an appearance on behalf of the plaintiffs.

11.     The LR Defendants responded to a motion for a preliminary injunction on September 16, 2013.

12.     On September 18, 2013, the Court entered its initial scheduling Order.

13.     As discussed below, the LR Defendants failed in the following respects:

(a) Failed to counsel the Plaintiffs on document preservation and steps to remediate the absence of a preservation program;

(b) Failed to properly investigate and implement complete discovery responses and failed to supervise third party vendors;

(c) Failed to address and remediate the Noorian so called "Destruction Email";

(d) Failed to properly respond to a motion for a preliminary injunction or advise on the requirements of the injunction entered;

(e) Failed to counsel client to obtain a resolution due the client's tainted position before the Court.

**B.**     **LR Fails to Place Litigation Hold or Advise on Document Retention**

14.     A major default that resulted from the LR Defendants' lack of diligence and competence in pursuing their pretrial obligations was the failure to address and remediate the so- called Noorian "Destruction Email" that tainted the entire proceedings and completely impaired the ability to mount a proper defense.  LR knew that Noorian had prepared an email that called for the removal by his sales personal of certain pdf and hard copies of the Structural Failure Reports that were in the sales personnel's possession.

15.     LR also knew that Noorian did so because he was dismayed that his personnel had obtained and had in their possession these competitive materials.  His intention was not to "cover up" – he had no concept that his email written to implement an ethical business practice could possibly be viewed as the destruction of evidence [indeed no evidence was destroyed].

16.     The LR Defendants knew Noorian's intent and should have brought it to the attention of the court and immediately produce the Structural Failure Reports.  Those reports were never destroyed, immediately recoverable and could have been produced timely.

17.     Instead on October 16, 2013, the Thomas O'Leary ("O'Leary") signed answers to production requests that sought the HM Structural Failure Reports stating it "may have responsive documents but is uncertain at this time."   Again, on December 12, 2013, in a supplemental response to the same production requests, O'Leary signed production responses that stated, "Responding Party has produced documents responsive to this Request."  O'Leary had not even investigated whether such documents existed at the time he signed the supplemental production response.  O'Leary then represented during a hearing on February 28, 2014 in open court that all responsive emails had been produced.  The Court later discovered that

it was not until March of 2014 when O'Leary first tasked the ESI Vendor to complete key word searches that would identify responsive emails.

18.    Throughout this time, Plaintiffs provided all the materials to the LR Defendants or, alternatively, to the ESI vendor retained and under the direction of the LR Defendants.  Indeed, as noted below, the LR Defendants acknowledged that Plaintiffs were never guilty of destroying or withholding any documents.

19.    The LR Defendants state in a pleading filed on February 18, 2015:

**Defendants [RF Technology and Noorian] did not destroy anything. Defendants did not untimely produce any evidence with any "culpable" state. Defendants timely provided all of their ESI to the discovery vendor. Unfortunately, the discovery vendor did not properly load all the information into the search database.  (Ex. 1, February 18, 2015 Submission, Doc. # 295, pg. 53.**

20.    This explanation came two years too late and after the O'Leary already signed inaccurate and misleading responses to document requests and interrogatories.

21.    The sanctions entered below were not a result of merely a failure to monitor but a failure to conduct any due diligence or properly produce documents until court Orders were violated.

22.    Further, the Defendants, unknown to Plaintiffs, committed additional discovery violations by, *inter alia*, failing to produce documents and failing to appropriately review the discovery that was produced to ensure it was in compliance with the requests and prior court Orders.

5

**C.    LeClair Ryan's Conduct Compromised Plaintiffs Defense**

23.    The result the LR Defendants' actions and failure to correctly advise Plaintiffs for the time period leading up to HM Electronics' motion for issue sanctions, evidentiary sanctions and adverse inference instructions and the Court's scheduling of a hearing on the eve of trial on this motion was that Plaintiffs paid a multi-million-dollar settlement in the *HM Electronics* litigation because of the adverse and disadvantageous position Plaintiffs now found themselves.

24.    As a result of the Defendants' conduct, the likelihood of sanctions being entered against them, and the now disadvantageous position the Plaintiffs were placed, the Plaintiffs were forced to settle the *HM Electronics* litigation and a total of $9,000,000 was paid to settle.

25.    The Southern District of California did enter an order levying additional sanctions against R.F. Technologies that included monetary sanctions; an issue sanction; and an adverse inference instruction based on continued failures to abide by the court's orders and discovery procedures.

**D.    The Preliminary Injunction**

26.    The LR Defendants filed a response to a motion for a preliminary injunction without having conducted proper and thorough investigation.

27.    Thereafter, on October 3, 2013, after briefing and argument on the issue of the preliminary injunction, the District Court for the Southern District of California entered a preliminary injunction against RF Technologies,

28.    The LR Defendants did not adequately explain the terms or requirements of the preliminary injunction or the implications of a violation.

6

29.     At no time, did the LR Defendants give a comprehensive explanation regarding the meaning of the preliminary injunction or restrictions on the plaintiffs as a result of the preliminary injunction, setting forth the specific conduct that Plaintiffs were to abide by to comply with the Court's orders.

30.     On April 18, 2014, the Southern District of California entered a finding of contempt and a sanctions order against Plaintiff for violating the terms of the preliminary injunction entered on October 3, 2013, and levying the following sanctions:

(a)     a daily fine of $2,500 for each day R.F. Technologies failed to comply with the preliminary injunction;

(b)     awarding attorney's fees to the *HM Electronics* plaintiff; and

(c)     ordering the disgorgement of profits made by R.F. Technologies as a result of noncompliance with the preliminary injunction.

31.     Plaintiffs were represented by the LR Defendants during the time the alleged violations of the Preliminary Injunction occurred and during the time the Court entered the sanctions Order on April 18, 2014.

**E.      The LC Defendants' Failure to Properly Advise Regarding Settlement**

32.     On April 9, 2014, a mediation was held in San Diego, California.

33.     The LR Defendants were present on behalf of the Plaintiffs.

34.     At the time of the April mediation and when there was an opportunity to settle, the LR defendants were aware of at least the following critical facts which mandated that the Noorian and RFT be advised to settle:

7

(a) They failed to explore whether settlement could be reached within policy limits;

(b) They knew that their fiduciary duty was to Noorian and RFT and not to an insurance carrier;

(c) They knew that the so-called "Destruction Memo" was devastating to any defense particularly given the manner in which it had been mishandled by the LR defendants;

(d) They knew that their failure to competently advise Noorian and RFT regarding compliance with terms of the injunction had further compromised the clients before the Court.

35.     In failing to advise their clients to settle, the LR defendants breached their duties and violated the mandates of at least the following Rules of Professional conduct: Rules1.1; 1.3; 1.4 and 1.7.  Indeed, these fiduciary breaches also implicated a complete abrogation of their duties as an advocate.

## COUNT I
### Legal Malpractice

36.     Plaintiffs restate and re-allege paragraphs 1 through 35 as though fully set forth herein.

37.     At all times relevant, an attorney-client relationship existed between Plaintiffs and the LR Defendants.

38.     The LR Defendants owed a duty of care to Plaintiffs to represent the Plaintiffs in a reasonably careful manner.

39.     The LR Defendants failed to properly advise and explain to Plaintiffs the duties and requirements in responding to discovery requests and court orders, including, but not limited to the necessity of the preservation of documents or creation of a litigation hold.

40.     The LR Defendants breached their duty of care in one or more of the following ways:

(a)     Improperly certifying discovery responses as true without conducting a reasonable inquiry;

(b)     Failing to properly monitor discovery counsel and the third-party discovery vendor and allowing them to use search terms that improperly categorized 150,000 pages of ESI as confidential when it was not;

(c)     Improperly withholding 150,000 pages of ESI that was not confidential nor identified in any privilege log;

(d)     Failing to timely produce over 375,000 pages of ESI until after the close of discovery because of a failure to perform quality checks or properly supervise the ESI vendor; and

(e)     Failed to properly identify and argue the appropriate defenses in response to the preliminary injunction motion brought by HM Electronics;

(f)     Failed to properly identify and argue the appropriate defenses in response to the motion for contempt of the preliminary injunction and the motions for expenses and disgorgement of profits;

(g)     Failed to adequately advise Plaintiff regarding:

i.      the defense of the *HM Electronics* litigation;

      ii.   the implementation of a litigation hold;

      iii.   the appropriate means of complying with discovery requests and the court's discovery related orders; and

      iv.   potential settlement opportunities;

(h)   Were otherwise negligent in their representation of Plaintiffs.

41.   As a direct and proximate result of the LR Defendants' breaches, Plaintiffs were damaged in the following ways:

(a)   Plaintiffs incurred additional unnecessary legal bills in defending the *HM Electronics* litigation;

(b)   Plaintiffs were subject to a potential sanctions order that could have imposed monetary sanctions including attorneys' fees, an issue sanction, and an adverse inference sanction;

(c)   Plaintiffs were subject to a preliminary injunction enforcement proceeding that required the disgorgement of profits and levied monetary fines;

(d)   Plaintiffs were forced to settle the *HM Electronics* litigation for far more than the actual value of the case.

WHEREFORE, Plaintiffs, R.F. TECHNOLOGIES, INC. and BOB NOORIAN, pray for a judgment in their favor and against Defendants LECLAIR RYAN, P.C. and THOMAS O'LEARY in an amount in excess of $75,000.00.

R.F. Technologies, Inc.


/s/ Amir R. Tahmassebi
Attorneys for Plaintiffs



Daniel F. Konicek
Amir R. Tahmassebi
Konicek & Dillon, P.C.
21 West State Street
Geneva, Illinois 60134
(630) 262-9655

Robert P. Cummins
The Cummins Law Firm
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112-4600
207-553-4712

11