UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.F. TECHNOLOGIES, INC., an Illinois Corporation, and BABAK NOORIAN, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 17 C 1886 ) ) Judge Sara L. Ellis |
| LECLAIR RYAN, P.C., a Virginia professional Corporation, and THOMAS O'LEARY, Individually, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Defendants LeClair Ryan, P.C. ("LeClair") and Thomas O'Leary represented Plaintiffs R.F. Technologies, Inc. ("RFT") and Babak Noorian in a trademark infringement case in the Southern District of California (the "HME Litigation"). RFT and Noorian bring this legal malpractice suit against LeClair and O'Leary, alleging that they acted negligently in the course of their representation of RFT and Noorian in the HME Litigation. LeClair and O'Leary move to dismiss this case pursuant to the doctrines of unclean hands and *in pari delicto*, as well as for failure to state a claim. The Court finds that the facts available to it at this stage of the case do not support dismissal pursuant to the doctrines of unclean hands or *in pari delicto*. Further, the Court finds that RFT and Noorian have adequately pleaded their legal malpractice claim. For these reasons, the Court denies LeClair and O'Leary's motion to dismiss.

## BACKGROUND[1]

RFT is a business that markets, sells, and provides replacement parts and repair for drive-thru headset products for the fast food industry. Noorian founded RFT and is the company's CEO. In 2012, HM Electronics, Inc. ("HME") brought a trademark infringement suit against RFT and Noorian in the Southern District of California. RFT and Noorian retained LeClair and O'Leary to defend them in this matter.

From the outset, the HME Litigation did not go well for RFT and Noorian. Upon receiving notice of the litigation, Noorian sent an email requesting that his sales personnel delete certain documents relevant to the litigation. Over the course of the litigation, no one implemented a legal hold at RFT or with Noorian, and no one tried to recover the documents deleted at Noorian's request.

In addition to the document preservation issues, HME won a motion for a preliminary injunction against RFT and Noorian. Approximately six months after entering that preliminary injunction, the Southern District of California held RFT and Noorian in contempt and sanctioned them for violating the terms of the injunction. The sanctions for the violation included a daily fine for each day they failed to comply with the injunction, attorneys' fees for HME, and disgorgement of any profits made by RFT as a result of their violation of the injunction.

The court sanctioned RFT and Noorian for additional violations during the pendency of the case. Unsurprisingly, in light of the lack of a litigation hold and the deletion of documents, the HME Litigation was rife with discovery issues. At a hearing shortly before trial, HME moved for sanctions against RFT and Noorian for noncompliance with the court's orders and

---

[1] The facts in the background section are taken from RFT and Noorian's Amended Complaint [25] and exhibits attached thereto and are presumed true for the purpose of resolving LeClair and O'Leary's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

discovery procedures. The magistrate judge granted the motion, entering an order for sanctions (the "Sanctions Order") that included issue sanctions, evidentiary sanctions, and adverse inference instructions. *See HM Elecs. v. R.F. Techs., Inc.*, No. 12-cv-2884-BAS-MDD, Doc. 420 (S.D. Cal. Aug. 7, 2015). According to RFT and Noorian, the Sanctions Order forced them into settling the case. The parties ended up settling for $9 million. In light of the settlement, the HME Litigation district court vacated the Sanctions Order as moot. *See id.*, Doc. 454 (S.D. Cal. Mar. 15, 2016).

RFT and Noorian argue that LeClair and O'Leary breached their duty to them as attorneys a number of times during the HME Litigation. LeClair and O'Leary neglected to institute a litigation hold, and did nothing to address Noorian's email regarding the deletion of certain documents. According to RTF and Noorian, LeClair and O'Leary did not properly respond to HME's motion for a preliminary injunction; once HME obtained the preliminary injunction, LeClair and O'Leary did not explain to RFT and Noorian what the injunction required of them and what the implications would be of violating it.

Further, RFT and Noorian hold LeClair and O'Leary responsible for a number of discovery missteps. Regarding a specific discovery request seeking at least in part the very documents that Noorian had requested his sales personnel delete, O'Leary verified to the HME Litigation court both in person and through signed discovery responses that all emails responsive to that request had been produced. Despite these representations, O'Leary did not ask his ESI vendor to run searches to identify the documents responsive to that request until months after his discovery response and in-court representation. Moreover, 150,000 pages of ESI were improperly categorized as confidential and withheld on that basis, and 375,000 pages of ESI

were not produced until after the close of discovery.  These discovery violations culminated in the hearing that led to the magistrate judge's Sanctions Order.

Finally, RFT and Noorian contend that LeClair and O'Leary breached their duty when they did not advise RFT and Noorian to settle after a mediation of the case in April 2014.  According to RFT and Noorian, LeClair and O'Leary did not explore whether settlement within RFT's insurance policy limits was possible.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Documents Outside of the Complaint and Unclean Hands

LeClair and O'Leary urge the Court to take judicial notice of the factual findings in the Sanctions Order.  Specifically, they want the Court to take notice of the magistrate judge's findings that RFT and Noorian took part in various sanctionable activities.

A court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). Where a document is referenced in the complaint and central to plaintiff's claims, however, the Court may consider it in ruling on the motion to dismiss. *Id.* The Court may also take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

LeClair and O'Leary do not argue that the Sanctions Order is central to RFT and Noorian's claims, and so the Court turns to whether it is appropriate to take notice of the Sanctions Order as a matter of public record. When taking judicial notice of court filings under the public record exception, courts may only take judicial notice of facts that are "beyond reasonable dispute." *Id.* at 1083; *see also White v. Hefel*, 875 F.3d 350, 358 (7th Cir. 2017). Though the Sanctions Order certainly qualifies as a court filing, LeClair and O'Leary have not established that there is no dispute as to the allegedly sanctionable activities in which RFT and Noorian participated. LeClair and O'Leary themselves point out that the district court in the HME Litigation later vacated the Sanctions Order as moot. Thus, the Court will not consider the factual findings in the Sanctions Order at this time.

Because LeClair and O'Leary's unclean hands and *in pari delicto* arguments are based on the factual findings in the Sanctions Order, rather than facts contained within the Amended Complaint, the Court has no basis for such a finding at this stage in the litigation. Dismissing a case based on an affirmative defense "is appropriate only when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Though it is possible that LeClair and O'Leary

may assert these affirmative defenses at the appropriate stage in this litigation, there simply are not enough facts supporting these defenses in the Amended Complaint.

## II.     Legal Malpractice (Count I)

RFT and Noorian allege that LeClair and O'Leary committed legal malpractice in the course of their representation of RFT and Noorian in the HME Litigation. LeClair and O'Leary argue that RFT and Noorian have not pleaded sufficient facts to establish two aspects of this claim: proximate cause and damages.

To establish a claim for legal malpractice in Illinois, RFT and Noorian must allege: "(1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney, (2) a negligent act or omission constituting a breach of that duty, (3) proximate cause of injury, and (4) actual damages." *W. Bend Mut. Ins. Co. v. Shumacher*, 844 F.3d 670, 676 (7th Cir. 2016); *see also Snyder v. Heildelberger*, 953 N.E.2d 415, 424 n.1, 2011 IL 111052, 352 Ill. Dec. 176 (2016).

There is no dispute that RFT and Noorian have alleged the first two elements. LeClair and O'Leary represented RFT and Noorian in the HME Litigation, which gave rise to an attorney-client relationship. Doc. 25 ¶ 8. As a result of this relationship, LeClair and O'Leary owed RFT and Noorian a duty. RFT and Noorian have also adequately pleaded a breach of that duty through the multiple discovery problems and the lack of a litigation hold. Doc. 25 ¶ 40.

Proximate cause is a much more contested element. In their Reply, LeClair and O'Leary argue that, to properly allege proximate causation, RFT and Noorian must show that they would have prevailed in the underlying case but for the alleged negligence of their attorneys. Doc. 53 at 12. However, none of the cases that LeClair and O'Leary cite address the actual question of how to treat legal malpractice cases where the plaintiff alleges that they would have settled the

underlying case for less, but for the defendant's malpractice. *See Ignarski v. Norbut*, 648 N.E.2d 285, 271 Ill. App. 3d 522, 207 Ill. Dec. 829 (1995) (plaintiff alleged that his case was dismissed as a result of defendant's negligence in failing to name the proper party within the statute of limitations); *Sheppard v. Krol*, 578 N.E.2d 212, 218 Ill. App. 3d 254, 161 Ill. Dec. 85 (1991) (plaintiff alleged that but for defendant's negligence in pursuing his underlying case, plaintiff would have had legal grounds for a cause of action); *Kirkland & Ellis v. CMI Corp.*, No. 95 C 7457, 1996 WL 559951 (N.D. Ill. Sept. 30, 1996) (plaintiff alleged that, despite the fact that their claim in the underlying case had been extinguished by another court's ruling, they would have been able to obtain a settlement in the underlying case but for defendants' negligence). *Kirkland* comes closest to addressing this argument. There, the court rejected the plaintiff's assertion that, but for their attorneys' negligence, they would have been able to settle the case. 1996 WL 559951 at *8. The court emphasized that, to establish proximate cause, plaintiffs must prove "that, but for the attorney's negligence, [they] would have been *successful* in the underlying cause of action" and noted that it could not find any Illinois authority that said otherwise. *Id.* (emphasis in original). The facts are distinguishable here. Notably, all of those cases involve the alleged negligence in the prosecution of a case, rather than the defense of a case. Moreover, as LeClair and O'Leary note in their original brief, Illinois law specifically allows legal malpractice claims where a plaintiff can show that she settled for a lesser amount than she could reasonably expect without the malpractice. *Webb v. Damisch*, 842 N.E.2d 140, 149, 362 Ill. App. 3d 1032, 299 Ill. Dec. 401 (2005); *see also Brooks v. Brennan*, 625 N.E.2d 1188, 1195, 255 Ill. App. 3d 260, 193 Ill. Dec. 67 (1994). And that is exactly what RFT and Noorian have alleged: "Plaintiffs were forced to settle the HM Electronics litigation for far more than the actual value of the case." Doc. 25 ¶ 41. Considering the pending Sanctions Order against RFT and Noorian, it is a

7

plausible claim that they were forced to settle with HME for more than they would have had discovery moved forward according to the Southern District of California's procedures. Thus, the Court finds that RFT and Noorian adequately pleaded the proximate cause element of their legal malpractice claim.

Finally, RFT and Noorian must allege that they suffered actual damages as a result of the malpractice. *Stevens v. McGuire Woods LLP*, 43 N.E.3d 923, 927, 2015 IL 118652, 396 Ill. Dec. 13 (2015). "Where the mere possibility of harm exists or damages are otherwise speculative, actual damages are absent and no cause of action for malpractice yet exists." *N. Ill. Emergency Physicians v. Landau, Omahana, & Kopka, Ltd.*, 837 N.E.2d 99, 107, 216 Ill. 2d 294, 297 Ill. Dec. 319 (2005). However, damages are considered speculative "only if their existence itself is uncertain, not if the amount is uncertain or yet to be fully determined." *Id.*

LeClair and O'Leary argue that RFT and Noorian have alleged no facts to support their claim of damages, and that "any such claim would be implausible and too speculative."[2] Doc. 29 at 8. However, RFT and Noorian have stated that LeClair and O'Leary's alleged misconduct forced them to settle the HME Litigation for "far more" than the actual value of the case. Doc. 25 ¶ 41. At this stage in the litigation, the proper question to ask is "*could* these things have happened, not *did* they happen." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (internal quotation marked omitted) (emphasis in original). RFT and Noorian allege that LeClair and O'Leary's conduct in the HME Litigation led the court to issue the Sanctions Order against them on the eve of trial. They further note that this Sanctions Order included adverse

---

[2] LeClair and O'Leary also question whether RFT and Noorian actually paid the settlement. *See* Doc. 29 at 10. The Amended Complaint [25] states that "Plaintiffs were forced to settle the *HM Electronics* litigation for far more than the actual value of the case," alleging that both paid some portion of the settlement. Doc. 25 ¶ 41. At this point in the litigation, where the Court is restrained to the facts alleged in the Amended Complaint [25] and the exhibits attached thereto, LeClair and O'Leary's argument does not have merit.

inference instructions to be used at trial, and allege that, as a result of this order (among other negligent conduct alleged against LeClair and O'Leary), RFT and Noorian were forced to settle the HME Litigation for a greater value than they would have settled without the impending Sanctions Order and adverse inference instruction. The Court finds that this *could* have happened. Thus, RFT and Noorian have sufficiently pleaded this element of the case, and their claim for legal malpractice may proceed to discovery.

## CONCLUSION

For the foregoing reasons, the Court denies LeClair and O'Leary's motion to dismiss RFT and Noorian's Amended Complaint [28]. The Court orders LeClair and O'Leary to answer the allegations of the Amended Complaint by March 6, 2018.

Dated: February 12, 2018

_____
SARA L. ELLIS
United States District Judge